2009 UT 51

**In re Petition to Appeal the INITIAL FIS-CAL IMPACT ESTIMATE to the Utah Redistricting Standards Commission Initiative.**

No. 20090551.

Supreme Court of Utah.

July 31, 2009.

Lisa Watts Baskin, North Salt Lake, for petitioners.

Merrill F. Nelson, Catherine Millicent Shaw Lewis, Trent M. Alvord, Tania Knauer, and Mark R. Sage, Mark L. Shurtleff, Att'y Gen., Thom D. Roberts, Asst. Att'y Gen., Salt Lake City, for respondent Governor's Office of Planning and Budget.

PER CURIAM:

¶ 1 The petitioners are sponsors of an initiative petition entitled "Utah Redistricting Standards Commission." They have sought relief from this court in the form of a declaration that the Initial Fiscal Impact Estimate of the initiative's cost, prepared by the Governor's Office of Planning and Budget (GOPB), is inaccurate. This court has jurisdiction pursuant to the provisions of Utah Code section 20A–7–202.5(4) (2007). That statute provides in part that this court shall approve the Fiscal Impact Estimate unless the petitioners "rebut the presumption by clear and convincing evidence that establishes that the initial fiscal estimate, taken as a whole, is an inaccurate statement of the estimated fiscal impact of the initiative." *Id.* § 20A–7–202.5(4)(b)(ii).

¶ 2 The parties submit this matter based on undisputed facts, specifically the language of the Utah Constitution and the proposed initiative, and the reliance by the GOPB on cost estimates provided to it by the legislative fiscal analyst regarding the costs of staffing the new redistricting commission proposed by the initiative. The petitioners object to the underlying assumption employed by the legislative fiscal analyst, and reflected in the GOPB estimate, that the legislature would undertake its own research and analysis process related to redistricting in addition (and parallel in time) to the work of the new commission, thus increasing potential costs. The petitioners argue that the language of the initiative requires the legislature to defer any such research and analysis until the commission completes its work and submits its recommended plan to the legislature for approval, rejection, or modification.

¶ 3 We reject the petitioners' arguments. We do not read the plain language of the initiative to prohibit the legislature from undertaking separate research and analysis of

redistricting issues at any time. The initiative does specifically require the legislature to deal with the commission's proposed plan when completed, but it does not preclude it from other activities in the meantime. Whether or not the legislature could be restricted in the redistricting process by statute, given its sole constitutional authority for redistricting, is an open question, but this initiative does not accomplish such a restriction. The petitioners' best argument in this regard is that the initiative does so by implication; we disagree.

¶ 4 Finally, we include a comment on the statute pursuant to which the petitioners have received review of this matter. It provides, in subsection 20A–7–202.5(4)(c), that "[t]he Supreme Court shall, within 30 calendar days of the date that the appeal is filed, certify to the lieutenant governor a fiscal impact estimate for the measure that meets the requirements of this section." In *In re Anderson*, 2004 UT 7, ¶ 64 n. 16, 82 P.3d 1134, we observed of a similar statutory time requirement that

> the judicial power has been entirely vested [by the Utah Constitution] in the supreme court, the district court, and such other courts as may be established by legislation. There does not appear to be a reservation to the legislative branch of any authority to set rules of process or procedure for the courts, particularly with respect to core functions.

In this case, because the facts are undisputed and the legal issues are straightforward, we have been able to decide the issue within the deadline; and we would in general always attempt to expedite matters where urgency has been identified by the legislature or the parties. In other cases, we might be unable to be so responsive, however, because this statute also, oddly, directs this court to undertake fact-finding functions where there is disputed evidence on the question of the accuracy of the GOPB's estimates. We have no resources for such a fact-finding function and would likely need to appoint some sort of master or commissioner to assist us, a process that could easily require more than 30 days.

¶ 5 Because the petitioners have failed to sustain their burden of showing inaccuracy by clear and convincing evidence, we hereby certify to the Lieutenant Governor that the Fiscal Impact Estimate prepared by the Office of Planning and Budget meets the requirements of section 20A–7–202.5.